UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
                                                   :
JAVON BANKS, *pro se*,                             :
                                                   :
                              Petitioner,          :        **SUMMARY ORDER**
                                                   :           09-cv-2856 (DLI)
                -against-                           :
                                                   :
ROBERT ERCOLE,                                     :
                                                   :
                              Respondent.          :
                                                   :
                                                   :
                                                   :
-------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

        *Pro se* petitioner Javon Banks seeks a writ of *habeas corpus* pursuant to 28 U.S.C.

§ 2254, challenging a 1996 Kings County Supreme Court conviction.  On August 12, 2009, this

court directed petitioner to show cause by September 14, 2009 why his petition should not be

dismissed as time-barred by the one-year statute of limitations set forth in the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  Plaintiff's affirmation, received on September

3, 2009, fails to demonstrate that the petition is timely.  Therefore, his petition is dismissed.

**DISCUSSION**

        This Summary Order assumes familiarity with the court's August 12, 2009 Summary

Order directing Plaintiff to show cause why his petition is timely.  The instant petition was not

filed within the AEDPA's one-year statute of limitations, which generally runs from the date on

which the state criminal judgment becomes final.  28 U.S.C. § 2244(d)(1).  If petitioner files an

appeal, the judgment of conviction becomes final ninety days after the date the Court of Appeals

denies leave to appeal.  *See Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001).

Here, Petitioner's judgment of conviction became final ninety days after the New York Court of Appeals denied leave to appeal on January 22, 1999. *See People v. Banks*, 92 N.Y.2d 1047 (1999); 28 U.S.C. § 2244(d). Accordingly, a timely *habeas corpus* petition should have been submitted on or before Monday, April 24, 2000. The instant petition was filed on June 22, 2009, over nine years beyond the limitations period. As such, the petition is time barred unless the statute of limitations is tolled.[1]

Although Section 2244(d)(2) tolls the one-year limitations period while state post-conviction motions are pending, this applies only if petitioner's post-conviction motion was pending within the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). In order for the limitations period to be tolled in this case, any post-conviction motion must have been filed on or before April 24, 2000. As such, the one-year limitations period expired long before petitioner filed his *coram nobis* petition on or about February 25, 2008. (Pet.'s Aff. at 1.) Thus, the filing of this post-conviction motion does not toll the statute of limitations period.

Finally, the statute of limitations period may be equitably tolled if petitioner can demonstrate that: (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). Petitioner's affirmation does not seek equitable tolling nor does it include facts that would warrant such a finding. Therefore, the instant *habeas corpus* petition is time-barred.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed as time-barred. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not

---

[1] For a more detailed analysis, please see the court's Summary Order dated August 12, 2009.

be taken in good faith and therefore *in forma pauperis* status is denied for appeal. *Coppedge v.*

*United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 5, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge
